UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JUAN CARLOS SANCHEZ DE LA CRUZ,

Petitioner,

v.

Case No. 2:26-cv-2820-KCD-NPM

ACTING SECRETARY, DEPARTMENT OF HOMELAND SECURITY, *et al.*,

Respondents.

________________________________/

# ORDER

Petitioner Juan Carlos Sanchez De La Cruz has filed a habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement. (Doc. 1.) He claims that the Attorney General is holding him illegally. Respondents concede that Petitioner is entitled to a bond hearing under 8 U.S.C. § 1226(a). (Doc. 5.)

Petitioner seemingly demands his immediate release from custody. But that is not something the Court will do. "[Section] 1226(a)(1) grants the executive branch discretion to determine whether to detain or release a noncitizen who is facing removal proceedings." *Hulke v. Schmidt*, 572 F. Supp. 3d 593, 596 (E.D. Wis. 2021). Petitioner is an alien without lawful status. So he is entitled to a bond hearing under § 1226(a), not immediate

release. *See, e.g.*, *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668 (W.D. Tex. 2025). Consistent with the "comfortable majority position," the Court will instead require the Government to provide Petitioner with the statutory process required under § 1226(a), which includes a bond hearing. *Id.*

To the extent De La Cruz raises a Fifth Amendment challenge, he has not been detained long enough. De La Cruz's "detention will not be indefinite, but rather will have a definite termination point when [his] immigration proceeding concludes." *Camargo v. Warden*, No. 0:26-CV-62130, 2026 WL 2723424, at *3 (S.D. Fla. Aug. 26, 2026).

De La Cruz also argues that he was not provided process before his re-detention, but he offers no argument as to how that process was deficient. De La Cruz summarily states that the process was deficient, which is insufficient, and the Court will not do the work for him. *See United States v. Campbell*, 26 F.4th 860, 872 (11th Cir. 2022) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.").

Finally, the Court does not consider De La Cruz's Fourth Amendment claim regarding his warrantless arrest. *See Gupta v. McGahey*, 709 F.3d 1062, 1065 (11th Cir. 2013) (finding no jurisdiction to address detainee's claims that police "illegally procured an arrest warrant, that the agents illegally arrested him, and that the agents illegally detained him"); *see also*

*Alvarez v. U.S. Immigr. & Customs Enf't*, 818 F.3d 1194, 1203 (11th Cir. 2016); *Palma v. Powell*, No. 7:26-CV-299-EGL-SGC, 2026 WL 701778, at *6 (N.D. Ala. Mar. 12, 2026); *Zaga Tawil v. Cardinal*, No. 26-CV-22521, 2026 WL 2198539, at *9 (S.D. Fla. July 30, 2026).

Accordingly, the Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED IN PART AND DENIED IN PART**. Within ten days of this order, the Government shall either bring De La Cruz for an individualized bond hearing before an immigration judge or release him under reasonable conditions of supervision. To satisfy this order, the Government must bear the burden of proof to justify continued detention. *Laborde Casallas v. Ripa*, No. 2:26-CV-02137-SPC-KRH, 2026 WL 2162793, at *2 (M.D. Fla. July 28, 2026). Although the Government argues De La Cruz has not exhausted his administrative remedies, the Court will waive that requirement here because its position is not to provide hearings where it bears the burden of proof. So exhaustion would be superfluous. The habeas petition is otherwise denied. The Clerk is directed to deny all pending motions and close this case.

**ORDERED** in Fort Myers, Florida on November 10, 2026.

Kyle C. Dudek
United States District Judge